UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:97CR-24-R

**UNITED STATES OF AMERICA**                                                            **PLAINTIFF**

**v.**

**MAURICE NAVARRO BROOKS**                                              **DEFENDANT**

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Maurice Navarro Brooks's motion for records without cost (DN 476). Defendant asks for the following documents:

> Any and all papers, correspondence, notices, and/or motions, and/or applications and/or writs of habeas corpus ad prosequendum(s) generated by any person within this Court and/or within the Jefferson Circuit Court, Fifth Division, removed from that Court (State Court) to this Court for the purposes of prosecution pursuant to 28 U.S.C. § 1446 et seq., which has been and/or was/is the basis of the criminal action within this Court captioned as 3:97CR-24-R, or any variation thereof. Please be advised that this request does include any and all informal injunctions that any officer of this Court may have directed and/or sent to any officer of the Jefferson Circuit Court, Fifth Division, requesting that Court (State Court) to not proceed pursuant to its prosecution of the afore-captioned cases, so that this Court and/or the U.S. Government could seek and/or initiate prosecution.

Defendant advises, "I am requesting these documents in order to evaluate a legal theory that I recently came across during my legal research and need these documents in order for me to support my Federal Habeas Corpus Petition pursuant to 28 U.S.C. § 2241 and/or a Motion To Remand Due To Lack Of Subject Matter Jurisdiction." He claims that he is a poor person entitled to copies free of cost under 28 U.S.C. § 2250.

Although it is not clear which specific documents Defendant seeks, it is clear that he has not demonstrated this Court's authority for granting his request. Defendant claims that he is entitled to copies under § 2250. That statute provides,

> If *on any application for a writ of habeas corpus* an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

(emphasis added).  A review of the Court's record reveals that Defendant has no pending application for a writ of habeas corpus, which is a prerequisite under the statute.  His request for records under § 2250 must therefore be denied.

Defendant instead requests the information to evaluate a legal theory prior to filing a habeas petition or motion to remand for lack of jurisdiction.  However, "[a] federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error."  *Walker v. United States*, 424 F.2d 278, 279 (11th Cir. 1970) (per curium); *United States v. Newsome*, 257 F. Supp. 201 (N.D. Ga. 1966) ("[I]t is not the burden of the public or the intention of Congress to require the preparation and expense of such records without a showing of need or for mere academic perusal.").  Upon filing his habeas petition or motion to remand/vacate, Defendant may make a discovery request for the Court's consideration, but not prior thereto.  *See generally* Rule 6 of the Rules Governing Section 2254 and 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2254 and § 2255; *United States v. Okai*, No. 96-3222, 1996 WL 549804, at *1 (6th Cir. Sept. 25, 1996) ("The district court properly noted that Okai must file an antecedent action of some kind (presumably a § 2255 motion to vacate) in order to take advantage of the discovery provisions provided therein.").

For these reasons, **IT IS ORDERED** that the motion for records without cost (DN 476) is **DENIED**.

Date:

cc: Defendant, *pro se*
 Counsel of Record
4413.005