UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:97-CR-00024-TBR-1

UNITED STATES OF AMERICA                                        PLAINTIFF

v.

MAURICE NAVARRO BROOKS (1)                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Maurice Navarro Brooks's *pro se* Motion Seeking Relief under 18 U.S.C. § 3582(c)(1)(A)—First Step Act. [DN 553]. The United States responded. [DN 557]. Defendant replied. [DN 558]. Defendant filed two Supplemental Motions. [DN 565; DN 569]. The United States responded. [DN 575]. Defense replied. [DN 577]. Defendant filed additional Motions to Amend. [DN 599; DN 624; DN 625; DN 639]. Additionally, Defendant filed Motions to Appoint Counsel. [DN 570; DN 571; DN 597]. The United States responded. [DN 603; DN 619]. Defendant replied. [DN 610]. As such, this matter is ripe for adjudication. For the reasons stated herein, Defendant's Motion Seeking Relief under 18 U.S.C. § 3582(c)(1)(A), [DN 553], and subsequent Motions to Amend, [DN 599; DN 624; DN 625; DN 639], are DENIED and Defendant's Motion to Appoint Counsel, [DN 570; DN 571; DN 597], is DENIED.

  **I. Background**

In 1998, a jury convicted Brooks of nine counts of bank robbery and eleven counts of using a firearm in connection with those robberies, for which Brooks was sentenced to a term of 2722-months imprisonment. [DN 306]. His sentence was later corrected and reduced by 480 months to

2242 months. *United States v. Marks*, 209 F.3d 577, 581 (6th Cir. 2000). Brooks appealed his convictions, and the Sixth Circuit affirmed the decision of the district court. *Id.* [DN 361]. His petition for a writ of certiorari was denied by the Supreme Court. [DN 369]. Subsequently, Brooks filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 which was denied. [DN 383; DN 384; DN 393]. Brooks appealed the denial of his § 2255 motion, and the Sixth Circuit dismissed the appeal. [DN 410]. On October 29, 2004, Brooks filed a second or successive § 2255 motion which was transferred to the Sixth Circuit and ultimately denied. [DN 525]. On September 30, 2014, Brooks filed a motion requesting the Court to reduce his sentence which was also denied. *Id.* The Defendant has now filed the instant motions, seeking relief under 18 U.S.C. § 35382(c)(1)(A)—The First Step Act, [DN 553; DN 599; DN 624; DN 625; DN 639], and to appoint counsel. [DN 570; DN 571; DN 597].

## II.   Legal Standard

The compassionate release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3852(c) provides that:

"The court may not modify a term of imprisonment once it has been imposed except that-

(1) In any case—

(A) *the court*, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier *may reduce the term of imprisonment* (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*

> (i) extraordinary and compelling reasons warrant such a reduction ..."

18 U.S.C.A. § 3582(c)(1)(A) (emphasis added). "The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), 18 U.S.C. § 3582(c)(1)(A) requires the Court to engage in a "three-step inquiry" in reviewing compassionate release motions. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 ... [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion ... to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

After considering whether extraordinary and compelling reasons warrant a sentence reduction, the district court proceeds to the final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *Elias*, 984 F.3d at 518 (citing *Jones*, 980 F.3d at 1101, 1108). Additionally, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

### III.   Discussion

#### A.   Appointment of Counsel

Defendant requests that the Court appoint counsel. [DN 570; DN 571; DN 597]. However, as there is no general constitutional right to appointed counsel in post-conviction proceedings,

Defendant's request will be denied. *United States v. Clark*, No. 3:09-CR-90-CRS, 2020 WL 3977652 at *4 (W.D. Ky. July 14, 2020). Moreover, "[n]o constitutional or statutory right to counsel exists for filing motions under 18 U.S.C. § 3582." *United States v. Clark*, No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019) (citing *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009) (collecting cases)). Instead, the decision to appoint counsel lies within the Court's discretion but doing so is unnecessary where the issues raised in a § 3582 motion "are straightforward and resolvable upon review of the record." *Id.* Where an underlying motion for compassionate release will fail, appointing counsel would be futile. *See United States v. Ryerson*, No. 3:09-CR-66-TAV-CCS-1, 2020 WL 3259530, at *2 (E.D. Tenn. June 16, 2020).

The Court finds that appointment of counsel is not necessary for Defendant to pursue compassionate release in this case. Here, the issues raised in Defendant's motion are straightforward and resolvable upon a review of the record, and the nature of Defendant's motion demonstrates that he has the capacity to be a diligent, effective advocate. Accordingly, appointment of counsel is unnecessary, and Defendant's request is denied.

### B. Compassionate Release

#### 1. Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, 425 F.Supp.3d. 573, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or

refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

On January 27, 2020, Defendant sent a request for Compassionate Release or Reduction in Sentence pursuant to the BOP's Program Statement 5050.50 to the Warden of his facility, based on "the disparity between when [Defendant was] originally sentenced and the changes in guidelines today, specifically pertaining to the gun stacking charges." [DN 577-1 at 5]. The Warden responded denying Defendant's request on April 30, 2020. *Id.* Accordingly, the Court finds that Defendant has properly exhausted his administrative remedies under the First Step Act.

### 2. Extraordinary and Compelling Reasons

In support of his request for compassionate release, Defendant primarily argues that (1) the length of sentence imposed in combination with Congress's reduced sentencing guidelines under 18 U.S.C. § 924(c), (2) his age at the time of conviction, and (3) post-sentencing rehabilitation together constitute extraordinary and compelling reasons warranting relief. [DN 553; DN 577]. Upon review, the Court finds that Defendant has failed to establish extraordinary and compelling reasons that warrant his release under 18 U.S.C. § 3582(c)(1)(A). Regardless, considering the totality of Defendant's circumstances, the Court finds that compassionate release would not be appropriate under 18 U.S.C. § 3553(a).

In 2018, Congress amended § 924(c) clarifying that repeat offenders are those with prior *final* convictions under the same subsection, not those with a "second or subsequent conviction." Pub. L. No. 115-391, 132 Stat. 5194. In effect, this means that the "stacking" of sentences for offenders without a final conviction would be reduced from twenty-five (25) years to as low as five (5) years for each count. 18 U.S.C. § 924(c). Defendant argues that these reduced penalties create a disparity between his sentencing and what he would be sentenced if convicted today

6

resulting in an extraordinary and compelling justification for compassionate release. [DN 553; DN 577].

Defendant provided a plethora of citations in support of this argument, but the Court need only rely on the binding case precedent provided by the Sixth Circuit. In a series of recent cases, the Sixth Circuit has grappled with the idea of using sentencing disparities created by statutory changes as an "extraordinary and compelling" reason for a sentence reduction under § 3582(c)(1)(A). *See United States v. Tomes*, 990 F.3d 500 (6th Cir. 2021); *United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021); *United States v. Wills*, 991 F.3d 720 (6th Cir. 2021); *United States v. Owens*, 996 F.3d 755 (6th Cir. 2021); *United States v. Hunter*, No. 21-1275, 2021 WL 3855665 (6th Cir. Aug. 30, 2021). In the most recent decision by the Sixth Circuit on the matter, the Court held that "non-retroactive statutory reforms in the First Step Act of 2018—as a matter of law—cannot be used to find "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A)(i)." *Hunter*, No. 21-1275, 2021 WL 3855665, at *5 (citing *Jarvis*, 999 F.3d at 445-46; *Wills*, 991 F.3d at 723-24; *Tomes*, 990 F.3d at 505).

Section 403 of the First Step Act "expressly prohibits" retroactivity by limiting applicability to sentences that had not yet been imposed at the time of enactment. [DN 557 at 3]; *see also*, Pub. L. No. 115-391, 132 Stat. 5194. As is the "ordinary practice" in federal sentencing "to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Wills*, 991 F.3d at 723-24 (quoting *Dorsey v. United States*, 567 U.S. 260, 280, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012)). The Sixth Circuit determined that what is considered an "ordinary practice" by the Supreme Court "cannot also be an 'extraordinary and compelling reason' to deviate from that practice." *Hunter*, No. 21-1275, 2021 WL 3855665, at *5 (citing *Wills*, 991 F.3d at 724). "Since sentencing disparities are a natural result of the First Step

Act, they are not an extraordinary and compelling reason for a sentence reduction." *Owens*, 996 F.3d at 765 (Thapar, J., dissenting). This means that courts cannot "treat the First Step Act's non-retroactive amendments, whether by themselves or together with other factors, as 'extraordinary and compelling' explanations for a sentencing reduction." *Jarvis*, 999 F.3d at 445. As the Sixth Circuit has made clear, § 3582(c)(1)(A) is not "an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms." *Tomes*, 990 F.3d at 505. Because Brooks was sentenced in 1998, making § 403 inapplicable to his judgment, and non-retroactive statute changes cannot be considered an "extraordinary and compelling" reason, Defendant's sentencing disparity does not weigh in favor of a reduced sentence. [DN 306].

Defendant further argues that his age at the time of sentencing should be a factor for consideration in early release. [DN 577; DN 625; DN 639]. The problem with this argument is the fact that his age, at the time of sentencing, was a known factor when he was sentenced. "Section 3582(c)(1)(A) precludes a court from simply taking facts that existed at sentencing and repackaging them as 'extraordinary and compelling.'" *Hunter*, No. 21-1275, 2021 WL 3855665, at *9. The Sixth Circuit further explained, "[t]he problem with such an approach is that it renders the general rule of finality and the extraordinary-and-compelling-reasons requirement 'superfluous, void or insignificant.'" *Id.* (citing *Corley v. United States*, 556 U.S. 303, 314, 129 S.Ct. 1558, 173 L.Ed.2d 443 (2009) (quoting *Hibbs v. Winn*, 542 U.S. 88, 101, 124 S.Ct. 2276, 159 L.Ed.2d 172 (2004))). This means that only post-sentencing factual developments that provide extraordinary and compelling reasons specific to the defendant may be considered for compassionate release under § 3582(c)(1)(A) "before a court is permitted to weigh (or revisit) the § 3553(a) factors." *Id.* (citing *Setser v. United States*, 566 U.S. 231, 243, 132 S.Ct. 1463, 182 L.Ed.2d 455 (2012) (explaining that § 3582(c)(1)(A) is triggered by "developments that take place

after the [original] sentencing")). Further, the court has specifically stated that in order to receive compassionate release, the defendant must show that their "personal circumstances" have "changed so that the district court should weigh the § 3553(a) factors differently than it had at the original sentencing." *Id.*; *United States v. Navarro*, 986 F.3d 668, 672 (6th Cir. 2021). Therefore, since Defendant's age was known during the original sentencing, it cannot now be considered an extraordinary and compelling reason to reduce his sentence.

Finally, Defendant emphasized his post-conviction rehabilitation record and argues that his rehabilitation and individualized reentry plan provide more "compelling reasons for his release." [DN 577 at 6]. Defendant provided an abundance of letters written on his behalf as well as proof of his completion of a vast number of educational courses. [DN 553-1 and 553-2]. He has shown a true desire to improve himself in preparation for his release. However, "rehabilitation is specifically excluded as an independent basis for compassionate release." *United States v. Wieber*, 2020 WL 1492907 *3 (W.D. Ky. March 27, 2020). The Court applauds all the actions Brooks has taken, but because he was unable to show an extraordinary and compelling reason for release, this motion must be denied.

### 3. 18 U.S.C. § 3553(a) Factors

Considering the totality of Defendant's circumstances, Defendant's compassionate release under 18 U.S.C. § 3582(c)(1)(A) is not warranted. Nonetheless, even though the Court has found Defendant is not entitled to compassionate release, the Court will weigh the sentencing factors in § 3553(a). *United States v. Willis*, 382 F.Supp.3d 1185, 1188 (D.N.M. 2019). Pursuant to § 3553(a), a court imposing a sentence shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--

9

>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];
>
> (5) any pertinent policy statement ... by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that compassionate release is not appropriate in this case. In the present case, the "nature and circumstances" of Defendant's crimes weigh heavily against relief. Defendant was convicted of nine armed robberies each of which included the use of a firearm. [DN 575 at 1]. Further, he "managed and directed the activities of the participants" during the robberies and personally carried weapons while threatening the lives of several tellers. [DN 299 at 7–12]. Additionally, these convictions were not his first criminal offense. *Id.* at 24–25. Though the sentencing guidelines have since been modified, this change does not apply retroactively, and Defendant has failed to provide an extraordinary or compelling reason to adjust his original sentence. The Court finds that releasing Defendant after serving only twenty-four (24) or his 226 year sentence would minimize the seriousness of his crimes, fail to afford adequate deterrence to criminal conduct, and would be unjust in light of the serious nature of his crimes. Accordingly, the Court finds that the

nature and circumstances of the present offense and Defendant's history and characteristics do not support relief. Therefore, the Court must deny Defendant's motion.

### IV.     Conclusion

For the reasons state, **IT IS HEREBY ORDRED** that Defendant's Motion Seeking Relief under 18 U.S.C. § 3582(c)(1)(A), [DN 553], and subsequent Motions to Amend, [DN 599; DN 624; DN 625; DN 639], are **DENIED** and Defendant's Motion to Appoint Counsel, [DN 570; DN 571; DN 597], is **DENIED**.

**IT IS SO ORDERED**.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

September 22, 2021

cc: counsel

Maurice Navarro Brooks, pro se
#06027-033
TALLADEGA FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. Box 1000
Talladega, AL 35160

11