UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                    Plaintiff

v.                                                                          Criminal Action No. 3:97-cr-24-RGJ

MAURICE NAVARRO BROOKS                                                                   Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant Maurice Navarro Brooks ("Brooks") filed a supplemental emergency motion for compassionate release. [DE 736]. Brooks has filed a previous request for release along with two supplements [DE 707, DE 731, DE 732], which the Court granted in part on February 7, 2025 reducing Brooks' sentence from 186 years to 48 years or 576 months. [DE 735]. However, Brooks' most recent emergency motion was dated the same day the Court entered its order. [DE 735, DE 736]. Thus, Brooks had not seen that ruling at the time he filed the present motion. A response from the United States would not be of assistance to the Court and one will not be ordered.

For the reasons below Brooks' supplemental emergency motion for compassionate release [DE 736] is **DENIED**.

**I.       BACKGROUND**

The relevant background regarding Brooks' charges and sentencing is set forth in the Court's previous order an incorporated here. [DE 735]. Brooks indicates in his present motion that his brother is dependent upon him as caregiver, just as he previously argued, but that the need is even greater now due to his brother's health because of gunshot wounds. [DE 736].

1

## II.     ANALYSIS

The standard for analyzing Brooks' motion for compassionate release is set forth in the Court's previous order an incorporated here. [DE 735]. As an initial matter, it does not appear that Brooks exhausted his administrative remedies before filing the present motion. His motion is first denied on that basis. 18 U.S.C. § 3582(c)(1)(A); *see United States v. McCall*, 56 *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020); *United States v. Smith*, No. 6:13-CR-34-KKC, 2024 WL 3566697, at *1 (E.D. Ky. July 29, 2024).

Even if Brooks had exhausted his administrative remedies, the Court previously analyzed Brooks' argument that he is needed to take care of his brother and found that he failed to demonstrate an extraordinary and compelling reason that would warrant early release on that basis. [DE 735]. The Court is sympathetic to Brooks' brother's situation and his desire to help. However, nothing in Brooks' previous motion or the current motion address whether Brooks is truly the only person available to care for his brother; thus, the Court did not find and cannot now find an extraordinary and compelling circumstance. *United States v. Corley*, No. 3:13-cr-00097-9, 2021 WL 119640, at *1 (M.D. Tenn. Jan. 13, 2021) ("There is simply no factual predicate for the Court to find that []family circumstances constitute extraordinary and compelling grounds for compassionate release, which typically requires a finding that the Defendant is the only available caregiver."); *United States v. Marshall*, No. 3:16CR-00004-JHM, 2020 WL 114437, at *3 (W.D. Ky. Jan. 9, 2020) (denying compassionate release when the record did not reflect incapacitation or lack of other caregivers).

## III. CONCLUSION

For all the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Brooks' supplemental emergency motion for compassionate release [DE 736] is **DENIED**.

*Rebecca Grady Jennings, District Judge*
United States District Court

February 18, 2025

Cc:   Defendant, pro se