UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                          Plaintiff

v.                                                              Criminal Action No. 3:97-cr-24-RGJ

MAURICE NAVARRO BROOKS                                                        Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

The United States of America ("United States") moves the Court to reconsider its order granting in part compassionate release to Defendant Maurice Navarro Brooks ("Brooks") under 18 U.S.C. § 3582(c)(1)(A)(i). [DE 743]. Brooks responded. [DE 746]. The United States did not reply and the time to do so has passed. Brooks also filed a Motion to Withdraw. [DE 749]. The matter is ripe. For the reasons below, the United States' motion [DE 743] is **DENIED**.

**I.      BACKGROUND**

The relevant background for this motion was set forth in the Court's February 7, 2025, Memorandum Opinion and Order [DE 735] ("Order") and is incorporated here. The Court found extraordinary and compelling circumstances supporting a reduction of Brooks's sentence based on his unusually long sentence, and then considering that in combination with his age at the time of the offense, rehabilitation, and the 3553(a) factors. [DE 735 at 2486-94]. The Court rejected Brooks's argument as to caregiver status. [*Id*. at 2488-89]. On March 7, 2025, the United States moved the Court to reconsider, asserting that the Court erred in its calculation of the sentence Brooks would have received today and in finding extraordinary and compelling reasons for Brooks's sentence reduction. [DE 743 at 2800].

## II.     STANDARD

Because the Federal Rules of Criminal Procedure do not expressly provide for motions to reconsider, courts "rely on 'analogous precedent arising under the Federal Rules of Civil Procedure.'" *United States v. Johnson*, No. 20-5873, 2022 WL 35406, at *5 (6th Cir. Jan. 3, 2022) (quoting *United States v. LaDeau*, 734 F.3d 561, 572 n.3 (6th Cir. 2013)). Accordingly, "a motion for reconsideration may be granted when there has been '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Id.* (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Moreover, "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir.2007) (citation omitted).

## III.     ANALYSIS

The United States argues that the Court's grant of compassionate release was based on a "clear error of law" in calculating the mandatory minimum sentence Brooks would receive today and in finding extraordinary and compelling reasons to grant compassionate release. [DE 743 at 2811-14].

### A. Brooks's Mandatory Minimum if Sentenced Today

To determine whether a gross disparity was produced by a change in the law, the Court calculated the sentence that Brooks would receive today compared with the sentence he originally received. [DE 735 at 2486]. The Court calculated the sentence Brooks would receive today as 67 years, based on a mandatory minimum 45-year sentence for his nine § 924(c) convictions, which would be served consecutively with a 22-year sentence on his bank robbery convictions. [*Id.*] The United States argued Brooks's mandatory minimum sentence would be 55 years based on five-

year sentence, but incorrectly on eleven 924(c) counts, rather than only nine 924(c) counts. [DE 718 at 2284]. The Court calculated the mandatory minimum based on nine counts, rather than eleven counts, because Count 15 was merged into Count 16 and Count 25 was merged into Count 26. [DE 735 at 2494]. The United States now does not dispute that Counts 15 and 25 were merged. But now United States contends for the first time the calculation was a clear error of law because Brooks's 924(c) convictions in Counts 16 and 26 involved a short-barreled shot gun that each carry a consecutive ten-year mandatory minimum, not five-year mandatory minimum. Thus, the United States argues the mandatory minimum on the 924(c) counts is 55 years, not 45 years, but for a different reason.

The United States is correct that the charges 924(c) in Counts 16 and 26 carry a potential 10-year mandatory minimum because of a short-barreled shot gun. However, Brooks's trial was held before the Supreme Court's decision in *Alleyne v. United States,* 570 U.S. 99, 103 (2013), which now requires that a fact that increases a mandatory minimum be submitted to the jury and found beyond a reasonable doubt as an "element" of the crime. *Alleyne*, 570 U.S. at 104 ("[t]he Sixth Amendment provides that those 'accused' of a 'crime' have the right to a trial 'by an impartial jury' . . . [t]his right, in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt."); *see United States v. Woodberry*, 987 F.3d 1231, 1236 (9th Cir. 2021) (applying the *Alleyne* rule and holding that "the short-barrel provision in § 924(c)(1)(B)(i) is an essential element that must be proven beyond a reasonable doubt"). Thus, if sentenced today, Brooks would be subject to a sentence of five years on each § 924(c) count, resulting in a mandatory minimum 45-year sentence calculated in the Court's order, because the required jury findings have not been made and thus the enhancement cannot be applied. [DE 735 at 2486].

3

The United States does not submit evidence that the jury was charged on the short-barreled shot gun element, but instead argues that if sentenced today there is no reason to believe that the United States would not charge the jury with instructions in compliance with *Alleyne*. There is no dispute that the short-barrel shot gun was not presented as an element to the jury in 1998. The Court has no reason to believe the United States would not correctly present that element today in a jury trial,[1] but that is not relevant. Even giving the benefit of good counsel to the United States, that it would have presented the issue to the jury, this Court cannot presume to speak for a hypothetical jury and definitively conclude that a jury would have made the appropriate findings for the enhancement to apply. To make such assumption would belittle the requirement to nothing more than a presumed check box. *Alleyne*, 570 U.S. at 104 ("[t]he Sixth Amendment provides that those 'accused' of a 'crime' have the right to a trial 'by an impartial jury' . . . [t]his right, in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt."). The question is what sentence Brooks would be subject to today based on his convictions in 1998. Sentenced today, the short barrel shot gun enhancement would not apply because it was not charged to the jury in the instructions. Thus, the mandatory minimum today for the six 924(c) charges is 45 years.

But even if Brooks would be subject to a mandatory minimum of 55 years today, this does not change the Court's previous finding that the change in law on stacking produced a gross disparity between the sentence being served by Brooks and the sentence Brooks would receive today. The Court previously found a 119-year difference between what Brooks was sentenced to

---

[1] The United States' argument that it would present the issue in a jury trial today was made by the United States in reply in support of its motion to reconsider in the case of co-defendant, James Marks. [DE 748 at 2843]. Given the issues in both motions are nearly identical, the Court addresses it here as well.

in 1998 versus today based on a 45-year mandatory minimum. Even with a 55-year minimum, there is still a difference of 109 years in Brooks's original sentence and his sentence today. A 109-year difference in sentence amounts to a gross disparity under § 1B1.13(b)(6). *See United States v. Cornell*, No. 1:03-CR-00431-2, 2024 WL 3532924, at *5 (N.D. Ohio July 25, 2024), on reconsideration in part, No. 1:03-CR-00431-2, 2024 WL 4142686 (N.D. Ohio Sept. 11, 2024) (Holding there is a gross disparity between life and 250 months, thus an unusually long sentence supported finding of extraordinary and compelling reasons to reduce sentence). Thus, even if the Court were to reconsider its decision based on Brooks's mandatory minimum, it would still find that Brooks's unusually long sentence is grossly disparate and reduce his sentence to 48 years based on Brooks's individualized circumstances and the 3553(a) factors. And as previously noted, if the Court determines a compelling and extraordinary reason supports reducing Brooks's sentence, as it did in this case, its discretion is not constrained in fashioning the appropriate sentence, even by mandatory minimums. *See, e.g., Osman v. United States*, No. 10-CR-57, 2023 WL 3765246, at *4 (E.D. Va. June 1, 2023) ("Simply put, compassionate release applies to all offenses and all defendants. Accordingly, the Court has the authority to reduce a sentence below the mandatory minimum."); *United States v. Rollins*, 540 F. Supp. 3d 804, 814 (N.D. Ill. 2021) (noting that the government did not dispute that § 3582(c)(1)(A) "empowers the court to reduce a sentence below the applicable statutory minimum").

### B. Extraordinary and Compelling Circumstances

As before, the United States argues that the non-retroactive changes to the law under the First Step Act reducing lengths of sentences cannot be considered an extraordinary and compelling reason for sentence reduction under Sixth Circuit precedent. [DE 743]. The United States argues the Court erred in assuming that a sentence reduction under § 1B1.13(b)(6) is valid, but the United

States also concedes that the Court considered the United States' argument on the validity of § 1B1.13(b)(6), including analysis that *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022), explicitly recognized that the Sentencing Commission could amend its policy statement, which it did through § 1B1.13(b)(6). DE 743 at 2811]. The Court believes the Sentencing Commission's policy statement under § 1B1.13(b)(6) is valid, as have other district courts, and the United States has not presented an intervening change in the law that is controlling or changes the Court's analysis regarding whether § 1B1.13(b)(6) is valid. *United States v. Brown*, 715 F. Supp. 3d 1034, 1043 (S.D. Ohio 2024) ("Having concluded that *McCall's* categorical ban on the consideration of nonretroactive sentencing developments no longer applies, this Court considers whether the circumstances at issue here are indeed 'extraordinary and compelling.'"); *United States v. Bricker*, No. 1:05 CR 113, 2024 WL 934858, at *2 (N.D. Ohio Mar. 5, 2024) ("The Sentencing Commission promulgated § 1B1.13(b)(6) in response to a circuit split of which *McCall* was a part. Moreover, *McCall* was issued in the absence of an applicable policy statement, and explicitly left open the possibility that a provision such as § 1B1.13(b)(6) could abrogate its holding."); *see also* [DE 689-2, district courts that have granted relief for excessively long sentences]. And as recognized by the United States, the Sixth Circuit has not ruled on this issue.

Finally, the United States argues that Brooks's age at the time of the offense, and rehabilitation, alone or in combination, do not support compassionate release. The Court already addressed the issues of whether Brooks's age, and rehabilitation could be considered in combination in its Order [DE 735 at 2487–88] and finds no reason to change that analysis. The United States also argues for the first time that these "other reasons" items cannot be considered in combination with an unusually long sentence because they are not "similar in gravity," and "do not represent severe and concrete negative consequences," to the circumstances expressly

6

enumerated in § 1B1.13(b)(1) through (4). But the Sentencing Commission has rejected "a requirement that 'other reasons' be similar in nature and consequence to the specified reasons. Rather, they need be similar only in gravity . . ." *See* April 27, 2023 Amendments to the Sentencing Guidelines (effective date Nov. 1, 2023), at [DE 689-1 at 1858–9]. At the end of the day the disparity in the sentence was the driving force of the decision to find extraordinary circumstances warranting a sentence reduction. The degree to which any of these other reasons were given weight in combination with the disparity was within the Court's discretion. *United States v. Ruffin,* 978 F.3d 1000, 1005 (6th Cir. 2020); *see* U.S.S.G. § 1B1.13(a) (requiring consideration of factors set forth in 18 U.S.C. § 3553(a)).; U.S.S.G. 1B1.13(b)(5) ("other reasons"). Each of the other reasons is sufficiently serious to be similar in gravity to those enumerated items, but they do not have to be similar in nature or consequence. This reasoning was confirmed by the Sentencing Commission's 2023 amendments:

> the Commission continues to believe what is stated in Application Note 4 to the current policy statement, *i.e.*, that judges are 'in a unique position to determine whether the circumstances warrant a reduction.' Guidance beyond that provided in the amended policy statement regarding what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence is best provided by reviewing courts, rather than through an effort by the Commission to predict and specify in advance all of the grounds on which relief may be appropriate.

*See* April 27, 2023 Amendments to the Sentencing Guidelines (effective date Nov. 1, 2023), at [DE 689-1 at 1859]. These other issues were also appropriately considered under all the relevant § 3553(a) factors.

### IV.   MOTION TO WITHDRAW

Finally, Brooks moves the Court to withdraw docket entries 735 (the Court's Memorandum Opinion & Order), 743 (the United States' motion to reconsider), and 746 (Brooks' response) because "there has been no motion for reconsideration submitted by Movant. Only a friendly letter

to the court which has been interpreted as a reconsideration motion." [DE 749 at 2846]. The Court did not interpret Brooks' letter as a motion to reconsider, and Brooks may have misunderstood the procedural posture of the United States' motion to reconsider. The motion to withdraw will be denied.

## V.   CONCLUSION

For all the reasons stated, and those previously stated [DE 735], and the Court being otherwise sufficiently advised, **IT IS ORDERED** that the United States' motion to reconsider [DE 743] is **DENIED** and Brooks's Motion to Withdraw [DE 749] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

April 23, 2025

Cc:   Defendant, pro se

8